UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ALIVIA BLOUNT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:23-cv-01087 |
|  | ) |  |
| FLEMMINGS, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alivia Blount filed an Amended Complaint against Flemmings restaurant. (Doc. No. 8). The Court must conduct an initial review and dismiss the Amended Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also Ongori v. Hawkins, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

The Court applies the standard for Rule 12(b)(6), Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the Complaint in the light most favorable to plaintiff and taking all well-pleaded factual allegations as true. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009)). The Court then determines if the allegations "plausibly suggest an entitlement to relief," Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do,"

*id*. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)), and the plaintiff may not rely on unwarranted factual inferences or legal conclusions couched as factual allegations. Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007); DirectTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007).

Title VII and the ADA are key parts of "the federal policy of prohibiting wrongful discrimination in the [n]ation's workplaces." Univ. of Texas Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 342 (2013). First, Title VII makes it unlawful for an employer to discriminate against any individual with respect to her "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A Title VII discrimination plaintiff must plausibly allege that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position in question; and (4) she was treated differently from similarly situated individuals outside of her protected class. Wright v. Murray Guard, Inc., 455 F.3d 702, 709 (6th Cir. 2006); Smith v. City of Salem, Ohio, 378 F.3d 566, 570 (6th Cir. 2004) (citing Perry v. McGinnis, 209 F.3d 597, 601 (6th Cir. 2000)). Second, the ADA prohibits covered employers from discriminating against a "qualified individual on the basis of disability" regarding hiring, advancement, training, termination, employee compensation, and "other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); Keith v. Cnty. of Oakland, 703 F.3d 918, 923 (6th Cir. 2013). An ADA plaintiff must allege that: (1) she is disabled; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) she suffered an adverse employment action; (4) her employer knew or had reason to know of her disability; and (5) her position remained open while her employer sought other applicants or replaced her. Babb v. Maryville

2

Anesthesiologists P.C., 942 F.3d 308, 320 (6th Cir. 2019); Ferrari v. Ford Motor Co., 826 F.3d 885, 891-92 (6th Cir. 2016).

Here, Blount alleges that she was employed by Defendant as a fine dining server. (Doc. No. 8 at 1). Blount had an "medical emergency" and was hospitalized for one week. Id. On the days that she was scheduled to work, Blount called in sick and offered a doctor's note. Id. When Blount reported back to work following the hospitalization, she was fired "because of a no-call no show absence." Id.

For purposes of Title VII, Blount does not allege that she was treated differently from similarly situated individuals outside of her protected class. "Instead, all that [the plaintiff] has offered . . . is her own subjective belief that she was . . . discriminated against based on her [race]." Neff v. City of E. Lansing, 724 F. App'x 448, 452 (6th Cir. 2018). Such subjective beliefs alone are insufficient to establish a plausible right to relief. See Shorter v. Magneti Marelli of Tenn., LLC, 613 F. Supp. 3d 1044, 1051-52 (M.D. Tenn. 2020) (citing Mitchell v. Toledo Hosp., 964 F.2d 577, 585 (6th Cir. 1992)). Blount therefore fails to state a colorable Title VII claim.

Under the ADA, Blount does not adequately allege that she is disabled. "[N]ot every impairment qualifies as a disability protected by the ADA." McKay v. Toyota Motor Mfg., U.S.A., Inc., 110 F.3d 369, 373 (6th Cir. 1997); see also Whitesell v. FMS Fin. Mgmt. Servs., LLC, No. 3:18-CV-00496, 2020 WL 2770017, at *6 (M.D. Tenn. May 28, 2020) ("Merely having an impairment does not make one disabled for purposes of the ADA.") "An individual is considered 'disabled' under the ADA only if she (1) 'has a physical or mental impairment that substantially limits one or more of the major life activities of such individual,' (2) 'has a record of such impairment,' or (3) is regarded by her employer as having such an impairment." Gruener v. Ohio Casualty Ins. Co., 510 F.3d 661, 664 (6th Cir. 2008) (quoting Sullivan v. River Valley Sch. Dist.,

197 F.3d 804, 810 (6th Cir. 1999)). The Amended Complaint, however, alleges only that Blount suffered a "medical emergency" that lasted one week; it is devoid of allegations that Blount has an impairment that substantially limits a major life activity or that Defendant regarded her as having one. Thus, Blount fails to state a colorable ADA discrimination claim.

For these reasons, the Amended Complaint is **DISMISSED**. This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b). Because an appeal would not be taken in good faith, the plaintiff is not certified to appeal the judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE